IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YASEEN AYMEN SALIH, | No. 4:25-CV-02407 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| ANGELA HOOVER, | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER**

**JANUARY 20, 2026**

## I.  BACKGROUND

Yaseen Aymen Salih, a citizen and native of the Republic of the Sudan, filed this 28 U.S.C. § 2241 petition in December 2025 requesting that the United States Government be enjoined from removing Salih to a third country without providing adequate notice for Salih to challenge said removal on the grounds of potential danger to his safety in that third country.[1]

Prior thereto, in 2019, Salih was convicted in federal court of bank fraud, in violation of 18 U.S.C. § 1344, and was sentenced to a term of 60 months' imprisonment.[2] Following that conviction, in June 2019 Salih was placed into removal proceedings.[3] In August 2020, Salih was found ineligible for asylum and

---

[1]  Doc. 1.
[2]  *Id.* ¶¶ 9, 12.
[3]  *Id.* ¶ 9.

ordered removed to Sudan, but removal to Sudan was deferred under the Convention Against Torture.[4] In November 2025, following Salih's release from federal custody for his bank fraud conviction, he was immediately taken into the custody of the Department of Homeland Security Immigration and Customs Enforcement ("ICE") to be removed from the United States of America.[5]

Salih asserts that, in the event he is removed to a third county, ICE guidance provides that he need not receive advanced notice of that removal.[6] Salih avers that he may therefore be sent to a country where there would be "danger to his life or well-being."[7]

Respondent contends that this Court does not have jurisdiction to consider Salih's § 2241 petition.[8] Specifically, Respondent asserts that 8 U.S.C. §§ 1252(a)(5) and (b)(9) jointly deprive this Court of jurisdiction to consider a challenge to any matter relating to Salih's order of removal, and vest such jurisdiction exclusively with the relevant court of appeals.[9] Moreover, to the extent that Salih requests an order preventing his transfer to a facility outside of this jurisdiction, Respondent argues that such matters are left to the discretion of the Attorney General of the United States.[10]

---

4   *Id.* ¶ 10.
5   *Id.* ¶ 12.
6   *Id.* ¶ 13.
7   *Id.* ¶ 16.
8   Doc. 7.
9   *Id.* at 2-5.
10  *Id.* at 5-6.

This Court has fully considered the parties' arguments, including those made during a telephonic conference call held on January 8, 2026. For the following reasons, Salih's petition will be dismissed.

## II. DISCUSSION

Before considering the merits of Salih's petition, this Court must first assure itself that it possesses jurisdiction over this matter. Federal immigration law "limits judicial review in several ways."[11] "First, it bars challenging removal orders in district court. Instead, aliens must bring those challenges in a 'petition for review filed with an appropriate court of appeals.'"[12] This provision divests district courts of "jurisdiction over those challenges to removal."[13] Second, district courts "lack jurisdiction to review most claims that even relate to removal" since "§ 1252(b)(9) provides that if a legal claim 'arises from any action taken or proceeding brought to remove an alien,' then 'judicial review of all questions of law and fact shall be available only in judicial review of a final order' of removal" which must be brought before a court of appeals.[14]

Stated differently, district courts do not have jurisdiction to consider any claims that "are bound up with" the removal process, including, for example, questions related to the "scope of the Attorney General's discretion to re-detain" an

---

[11] *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020).
[12] *Id.* (quoting 8 U.S.C. § 1252(a)(5)).
[13] *Id.*
[14] *Id.* (quoting 8 U.S.C. § 1252(b)(9) (brackets and ellipsis omitted)).

individual.[15] In that vein, where an individual argues that a country "is not a proper country of removal," such an argument relates to the removal process, and it is proper for a district court to "dismiss [such a petition] for lack of jurisdiction."[16]

Here, it is undisputed that a final order of removal has been entered against Salih, but removal to Sudan was deferred.[17] Salih avers that it is possible he will be removed to a third country with no advanced notice and without the opportunity to challenge his removal there on the grounds that his safety may be endangered in that country.[18] He asks that this Court restrain the Government from removing him to Sudan or any third country without adequate notice of such a removal.[19]

Such a request plainly relates to the Salih's underlying order of removal. Salih essentially argues that certain countries may not be "a proper country of removal," but "[t]his issue is encompassed in the removal order."[20] Because the proper place of removal is intertwined with the underlying order of removal, this Court lacks jurisdiction over Salih's petition, and this issue must be raised in a different forum.

---

[15] *Tazu v. Att'y Gen. U.S.*, 975 F.3d 292, 299 (3d Cir. 2020).
[16] *Tonfack v. Att'y Gen. U.S.*, 580 F. App'x 79, 82 (3d Cir. 2014). *See also Odiase v. Oddo*, No. CV 3:25-206, 2025 WL 2673938, at *1, *6 (W.D. Pa. Sept. 18, 2025) (finding that request for a temporary restraining order preventing removal to a third country without first providing petitioner with "a reasonable fear interview before an asylum officer so that she may present her claims of fear regarding removal to" a third country "is closely 'bound up with' her removal order such that this Court lacks jurisdiction over" the § 2241 petition).
[17] Doc. 1 ¶ 7. *See also* Doc. 1-1.
[18] Doc. 1 ¶¶ 13, 16, 17.
[19] *Id.* ¶ 20.
[20] *Tonfack*, 580 F. App'x at 81.

Salih's attorney nevertheless argued in the telephonic conference, and hinted in Salih's petition, that prior caselaw discussing jurisdiction has been overturned by a recent decision of the Supreme Court of the United States—*Department of Homeland Security v. D.V.D.*[21] Specifically, counsel argues that the Supreme Court in *D.V.D.* dissolved an injunction prohibiting the removal of petitioners to a third country without adequate notice, which the Supreme Court would not have done if district courts lack jurisdiction over such matters.

However, *D.V.D.* had a unique procedural posture that distinguishes it from this case. As Justice Sonia Sotomayor observed in her dissent, the Government there argued that the district court lacked jurisdiction over that case based upon the statutes previously discussed here.[22] But in *D.V.D.* there was no "applicable order of removal."[23] Absent a final order of removal that is being challenged the relevant federal statutes do not operate to divest lower courts of jurisdiction.[24] Here, in contrast, there is a final order of removal for Salih, and therefore federal statutes divest this Court of jurisdiction to consider his petition as it relates to that order of removal.[25]

---

[21]  145 S. Ct. 2153 (2025).
[22]  *Id.* at 2160 (Sotomayor, J., dissenting).
[23]  *Id.*
[24]  *Id.*
[25]  To the extent that Salih requests an injunction preventing his removal from this jurisdiction, he has presented no evidence or argument that indicates such a transfer would violate his rights. The Court therefore declines to enter such an injunction.

## III. CONCLUSION

For the foregoing reasons, this Court concludes that it lacks jurisdiction to consider Salih's petition, and the petition will be dismissed. Consequently, **IT IS HEREBY ORDERED** that:

1. Salih's 28 U.S.C. § 2241 petition (Doc. 1) is **DISMISSED** for lack of jurisdiction; and

2. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge